| | |
|---|---|
| 1 | **Rusing Lopez & Lizardi, P.L.L.C.** |
| 2 | 6363 North Swan Road, Suite 151<br>Tucson, Arizona 85718 |
| 3 | Telephone: (520) 792-4800<br>Facsimile: (520)529-4262 |
| 4 | **Kate Frenzinger** (023100) |
| 5 | kfrenzinger@rllaz.com<br>**Shayna Fernandez Watts** (027342) |
| 6 | swatts@rllaz.com<br>*Attorneys for Plaintiff Celeste Krom* |

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Celeste Krom,<br>       Plaintiff,<br><br>vs.<br><br>Exide Technologies, Inc., a Delaware corporation; White Corporation I-X; Black Limited Liability Companies I-X; Gray Partnerships I-X; and John Does I-X and Jane Does I-X and their spouses,<br>       Defendants. | No.<br><br>**COMPLAINT**<br><br>(1) Violations of the Fair Wages and Healthy Families Act (a.k.a. "Paid Sick Time Law"), A.R.S. § 23-371 - § 23-375, § 23-364<br>(2) Violations of the Equal Pay Act of 1963, 29 U.S.C. § 206<br>(3) Failure to Pay Wages in Violation of A.R.S. § 23-355<br>(4) Intentional Infliction of Emotional Distress<br><br>**Jury Trial Demanded**<br><br>(Assigned to _____) |

Plaintiff Celeste Krom ("Krom") hereby alleges as follows in support of her Complaint against Defendant Exide Technologies, Inc. ("Exide"):

### PARTIES, JURISDICTION, AND VENUE

1. Krom is a 41 year old woman who resides in the State of Arizona.

2. Exide is a Delaware corporation whose principal place of business is in Atlanta, Georgia.

3. Exide is Krom's former employer and conducts business in Arizona.

4. Defendants White Corporations I-X, Black Limited Liability Companies I-X, Gray Partnership I-X, and John Does I-X and Jane Does I-X and their spouses are unknown persons/entities that may bear some or all responsibility for allegations and/or claims made herein. Plaintiff refers to Exide, White Corporations I-X, Black Limited Liability Companies I-X, Gray Partnerships I-X, and John Does I-X and Jane Does I-X, and their spouses, collectively (despite the use of the singular form, as "Defendant").

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1387, 29 U.S.C. § 206, and the related regulations.

6. Exide and its employees caused events or omissions in Arizona that gave rise to Krom's damages and are, for that and other reasons, subject to the personal jurisdiction in this Court.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all the events or omissions giving rise to Krom's claims occurred in this judicial district.

## GENERAL ALLEGATIONS IN SUPPORT OF ALL CLAIMS

8. Krom commenced employment with Exide on or around May 14, 2014 as a Regional Sales Director.

9. Her base salary was $90,000, plus a potential $18,000 bonus, paid quarterly, under Exide's Sales Incentive Program ("SIP").

10. Krom had a distinguished and award-winning record with Exide.

11. For example, Krom was assigned to manage Navistar, the largest customer in the company.

12. In February 2015, Krom helped negotiate and win a $14.5 million contract for Exide to be a first position battery supplier in the Heavy Duty Original Equipment division.

13. At the Annual Exide Transportation Sales meeting in Atlanta, Georgia, Exide awarded Krom the *2016 Sales Achievement Award* for excellence in sales achievement.

14. On or about February 11, 2016, Krom helped Exide win another award, *The*

*Diamond Supplier Award*, from her customer Navistar, "for consistently meeting Navistar's exacting performance metrics for quality, delivery, technology and cost. Navistar Diamond Supplier awards are for best-in-class companies in the Navistar supply base. Navistar suppliers who are selected for the prestigious Diamond status demonstrate excellence through world-class customer service, along with innovative products and processes that integrate into industry-leading Navistar vehicles and powertrains."

15. On January 18, 2017, for the second year in a row, Krom helped Exide secure another win of *The Diamond Supplier Award* from Navistar.

16. Prior to her termination, Krom had never been written up, disciplined, or otherwise counseled for misconduct or performance-related issues.

*Work Assignments and Compensation*[1]

17. On or about March 1, 2016, Krom was promoted to Strategic Account Manager.

18. Upon her promotion, her base salary was increased to $104,000, plus a potential bonus.

19. On or about January 4, 2017, Krom was promoted to Regional Sales Director ("RSD") for the West Region.

20. For this role, Exide required Krom to relocate to the West Region.

21. Exide increased Krom's base salary to $106,800, with an SIP bonus of $50,000 paid quarterly.

22. Krom started her new position as RSD of the West Region on or about April 1, 2017.

23. Krom moved to Arizona in early May 2017.

24. On June 16, 2017, Exide changed Krom's title to Zone Sales Manager of the West Region; Exide also modified Krom's compensation, including increasing her base salary to $118,500 and lowering her SIP bonus to $30,000.

---

[1] Headings within this General Allegations section are provided for reference and do not limit the facts alleged thereunder to any particular claim.

25. Exide also modified Krom's bonus from a quarterly bonus to an annual bonus.

26. Krom's 2017 annual bonus was to be paid on May 15, 2018.

27. On April 25, 2018, Exide wrongfully terminated Krom, approximately two weeks before her annual bonus payment was due.

28. But for Exide's wrongful termination of Krom, Krom would have received the 2017 bonus of $30,000.

*Equal Pay*

29. For the entire duration of Krom's employment, Exide paid similarly situated males wages at a rate higher than what Exide paid Krom.

30. For example, while Exide paid Krom a base salary of $106,800 in her role as the RSD of the West Region, upon information and belief, Exide paid her male counterparts in the East and Middle Regions base salaries between $128,000-130,000— as much as $23,000 per year more than Exide paid to Krom.

31. In her role as Zone Sales Manager of the West Region, Krom's salary was still less than that of similarly situated male counterparts who were earning base salaries of more than $118,500.

32. Upon information and belief, Krom was paid less than similarly situated male counterparts during her entire employment with Exide.

*The HDA Conference*

33. In April 2018, Krom attended an HDA Truck Show in San Diego with Christopher Block ("Block") and Patrick McLaughlin ("McLaughlin").

34. Block is the Director of After Market Sales for Exide and McLaughlin is a Product Marketing Manager for Transportation.

35. On the morning of April 6, 2018, Krom began feeling ill.

36. She texted Block and McLaughlin to let them know that she was going to be late to the conference that morning because she was ill.

37. Krom arrived at the conference booth a few hours later.

4

38. Despite knowing that Krom was ill, Block publicly reprimanded and humiliated Krom in front of McLaughlin and others for not being at the booth, knowing that such treatment would cause Krom severe emotional distress.

*Annual Sales Transportation Meeting*

39. From April 9, 2018 to April 13, 2018, Exide participated in an Annual Sales Transportation meeting in Kansas City, Missouri.

40. Even though she was still ill, Krom traveled to Missouri to attend the conference.

41. Krom attended as many events as she could at the beginning of the conference, but eventually determined she needed to seek medical treatment.

42. On the morning of April 12, 2018, Krom notified all four people on her team that she was severely ill and had to leave the meeting a day early.

43. Krom also emailed another superior, Vice President Curtis Brison ("Brison"), that morning to notify him that she was very ill, that she needed to see a doctor, and that she would update him on her condition as soon as possible.

44. Krom returned to Arizona and saw her doctor the next day.

45. Krom provided Brison with the note from her doctor documenting her visit on April 13, 2018 indicating her visit and diagnosis.

*April 25, 2018 Termination*

46. On April 25, 2018, Trisha Feely ("Feely"), Director of Human Resources, and Vice President Brison, both acting on behalf of Exide, called Krom and interrogated her about her absences on the morning of April 6, 2018 and on April 12, 2018.

47. Feely demanded that Krom explain why she had not attended both events.

48. Krom reiterated that she fell ill going into the HDA trade show and became more ill going into the conference the next week, and that while she tried to attend as many events as possible, ultimately she was forced to return home to seek medical attention.

49. Krom also explained to Feely and Brison that she notified her team and

5

supervisor (Brison) of her need to return home and seek medical attention on April 12, 2018, and that she had provided her supervisors a letter from her doctor demonstrating her severe illness and diagnosis immediately thereafter.

50. After the humiliating interrogation, including forcing Krom to explain multiple times to whom she had provided notice of her need to take sick time, Brison told Krom that they "made the decision to terminate her employment effective immediately."

51. Brison alleged her behavior in failing to attend the meetings caused him to lose confidence in her ability to lead a team and that her credibility had been damaged.

52. Brison and Feely both knew that Krom had missed the meetings because she was ill before they began the interrogation.

53. Brison and Feely called Krom knowing that interrogating her about her illness would cause her severe emotional distress.

54. Other Exide employees who have been absent, no-shows, or taken sick time have not been subjected to the same level of public humiliation, to reprimand, or to discharge.

*Krom's Rightful Use of Paid Sick Time*

55. Exide does not have a policy for the accrual or use of paid sick time.

56. During Krom's tenure, Exide did not post or provide her notice of her right to, or rules regarding paid sick time.

57. Exide did not keep or provide Krom with an accounting of her paid sick time accrual or use from July 1, 2017 to April 25, 2017.

58. Proposition 206, the Fair Wages and Healthy Families Act (the "Act"), requires that employees accrue one hour of earned paid sick time for every thirty hours worked.

59. From July 1, 2017 to April 25, 2017, Krom earned and had the right to use forty hours of paid sick leave from Defendant under the Act.

60. On or about April 6, 2018, after Krom had more than a sufficient amount of earned paid sick time, Krom attempted to use her sick time so that she could get medicine

before coming to the booth at the HAD Truck Show event.

61. On or about April 12, 2018, after Krom had more than a sufficient amount of earned paid sick time, Krom attempted to use her sick time to seek medical treatment from a doctor.

62. Despite the fact that she qualified for protected paid sick time, Exide disciplined and ultimately terminated Krom for using protected paid sick time.

63. As a result of Exide's conduct set forth above, Krom has suffered and continues to suffer economical and emotional damages including but not limited to unpaid sick time, lost wages, lost benefits, financial distress, lost opportunities, attorney's fees, pain and suffering, lost time with her children, anxiety, depression, loss of sleep, embarrassment, shame, and loss of reputation.

## CLAIMS FOR RELIEF

### COUNT I:

### VIOLATIONS OF THE FAIR WAGES AND HEALTHY FAMILIES ACT, A.R.S. §§ 23-372 (ACCRUAL), 373 (USE), 374 (RETALIATION), & 375 (NOTICE)

64. Krom incorporates herein by reference each and every preceding allegation as though fully set forth herein.

65. During Krom's tenure, Exide did not have a policy, written or otherwise, requiring notice for use of earned paid sick time.

66. Exide failed to accrue or carry over Krom's earned paid sick time in violation of A.R.S. §23-372.

67. Exide did not provide any notice to Krom of her rights under the paid sick time law, including failing to inform Krom of how paid sick time accrued, who enforced the law, or any other relevant information required by the Act, in violation of A.R.S. §23-375 and A.R.S. § 23-364(D).

68. Exide failed to provide Krom an accounting how much earned paid sick time she had available, taken, received, or earned.

69. Exide discriminated and retaliated against Krom for using paid sick time in

violation of A.R.S. §23-374 and A.R.S. § 23-364 when they scolded, interrogated and then terminated her for use of sick time.

70. As a result of Exide's conduct in failing to pay, carry over, or accrue protected paid sick time, Krom is entitled to the balance of the wages or earned paid sick time owed, including interest thereon, and an additional amount equal to twice the underpaid wages or earned paid sick time pursuant to A.R.S. § 23-364(G).

71. As a result of Exide's discrimination and retaliation against Krom, including but not limited to disciplining Krom for taking protected paid sick time and terminating Krom for taking protected paid sick time, Krom is entitled to unpaid wages owed and interest thereon, statutory punitive damages of not less than one hundred fifty dollars for each day that the violation continued or until legal judgment is final, as well as attorneys' fees and costs pursuant to A.R.S. § 23-364(G).

## COUNT II:

### VIOLATIONS OF THE EQUAL PAY ACT

72. Krom incorporates herein by reference each and every preceding allegation as though fully set forth herein.

73. Exide violated the Equal Pay Act (codified at 29 U.S.C. § 206(d)) (the "EPA") when it paid Krom wages at a rate less than the rate it paid or pays male employees for equal work on jobs that required at least equal skill, effort, and responsibility under the same or similar working conditions at Exide.

74. As a result of Exide's violation of the EPA, Krom has been harmed and is entitled to damages in an amount not less than the difference between her compensation and the higher rate of compensation of male employees.

75. Exide knew or had reason to know that it was paying Krom less than her male counterparts in violation of the Equal Pay Act, and therefore Krom is also entitled to additional statutory liquidated damages in an amount equal to her damages.

76. Because of its conduct Exide is also liable under the EPA for Krom's attorneys' fees and costs incurred herein, prejudgment interests, and any other damages

permitted by law.

## COUNT III:
### FAILURE TO PAY WAGES IN VIOLATION OF A.R.S. § 23-355

77. Krom incorporates herein by reference each and every preceding allegation as though fully set forth herein.

78. Exide violated Arizona law by failing to pay Krom wages due.

79. Pursuant to A.R.S. § 23-355, Exide is liable to Krom for an amount equal to Krom's balance of wages unpaid and owed in an amount to be determined at trial, plus interest thereon, plus an additional amount equal to twice the unpaid wages, plus her attorneys' fees and costs incurred herein.

## COUNT IV:
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

80. Krom incorporates herein by reference each and every preceding allegation as though fully set forth herein.

81. During Krom's employment with Exide and continuing thereafter, Exide caused Krom to suffer extreme and outrageous conduct and circumstances that caused her severe emotional distress and resulting in physical harm/injuries.

82. Exide and its employees intended to cause severe emotional distress to Krom.

83. At a minimum, Exide and its employees recklessly disregarded the near certainty that their offensive conduct would result in emotional distress to Krom.

84. Krom suffered severe emotional distress as a direct and proximate cause of Exide's and its employees' conduct.

85. Krom suffered and continues to suffer various emotional consequences such as anxiety, depression, and insomnia.

86. The severe emotional distress suffered by Krom also resulted in severe physical harm/injury to Krom including, without limit, cramps, headaches, nausea, and other physical manifestations of stress.

87. Exide and its employees' conduct with respect to Krom was gross, wanton, malicious, oppressive, and done with spite, ill will, and reckless indifference to the interests of others.

88. Further, Exide and its employees acted with ill will and an evil mind.

89. Exide is liable to Krom for punitive damages, in addition to all other damages, in an amount sufficient to punish Exide and deter others from engaging in such conduct in the future.

## **JURY DEMAND**

Krom demands a trial by jury on all issues and claims so triable.

## **REQUEST FOR RELIEF**

WHEREFORE, Krom respectfully requests that the Court:

a) Enter judgment for Krom and against Exide on all counts;

b) Award Krom three-times the full amount of wages, bonuses, benefits, and or paid sick time owed pursuant to A.R.S. § 23-364(G) and A.R.S. § 23-355 (A);

c) Award Krom all recoverable damages, in an amount to be proven at trial;

d) Award Krom all liquidated damages as provided and/or allowed by law;

e) Award Krom punitive and/or exemplary damages on all claims under which such damages are legally available in an amount to be determined at trial;

f) Award Krom attorneys' fees and costs incurred herein, on all the bases upon which such expenditures are compensable to Krom alleged herein;

g) Award Krom pre and post judgment interest at the highest rate allowed by law; and

h) Award Krom any other relief that the Court deems just and proper under the circumstances.

DATED this 30th day of July, 2018.

1

        RUSING LOPEZ & LIZARDI, P.L.L.C.

2

3         /s/ Shayna Fernandez Watts
        Shayna Fernandez Watts
4         Attorney for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28