**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Celeste Krom, | No. CV-18-02398-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Exide Technologies Incorporated, et al., | |
| Defendants. | |

On January 17, 2019, the Court issued an amended case management order. (Doc. 24.) This order set a fact discovery deadline of July 31, 2019. (*Id.* at 2.) It also included a paragraph entitled "The Deadlines Are Real," which explained that "[t]he Court intends to enforce the deadlines set forth in this Order, and the parties should plan their litigation activities accordingly." (*Id.* at 8.)

On July 8, 2019, the parties filed a joint request to amend the scheduling order by, among other things, pushing back the fact discovery deadline to September 30, 2019. (Doc. 49.) The joint request explained that this modest two-month extension was warranted because the EEOC had recently issued a right-to-sue letter to Plaintiff and Plaintiff had filed an amended complaint based on the issuance of that letter. (*Id.* at 1-2.) The Court agreed that these developments constituted good cause to adjust the scheduling order and thus granted the parties' joint request. (Doc. 50.)

Now pending before the Court is a motion by Defendants to extend the fact-discovery deadline by another two months, until November 29, 2019. (Doc. 65.)

Defendants contend there is good cause for such an extension because they "changed lead counsel in the case within the last several weeks, and replacement lead counsel needs and requests time to become familiar with the case and the issues." (*Id.* at 1-2.) Defendants also contend that, because Plaintiff's deposition is scheduled for September 25, 2019—only five days before the current discovery cutoff—they need additional time to conduct follow-up discovery after the deposition is complete. (*Id.*) Plaintiff opposes the extension request, arguing that a change in counsel doesn't constitute good cause to adjust a scheduling order and that the late scheduling of her deposition is Defendants' fault. (Doc. 68.) Plaintiff also argues that she would be prejudiced by any extension because she has placed her life on hold while this litigation progresses. (*Id.* at 6.) And in their reply, Defendants state they are "reluctant to judge the performance of prior counsel" but argue that "[i]f diligence has been missing, it has not been because of the actions of the client." (Doc. 72 at 2.)

Defendants' request is governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that, once a scheduling order has been issued, it "may be modified only for good cause and with the judge's consent." The Ninth Circuit has explained that "[u]nlike Rule 15(a)'s liberal amended policy which focuses on . . . prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Defendants have failed to establish good cause here. The primary reason they're seeking an extension is that they switched attorneys a few weeks before the discovery cutoff. This isn't good cause. *See, e.g., La Jolla Spa MD, Inc. v. Avidas Pharmaceuticals, LLC*, 2018 WL 6523048, *3 (S.D. Cal. 2018) (denying request to modify scheduling order and noting that "the fact that Plaintiff recently retained new counsel does not establish good cause"); *Yazzie v. Mohave Cnty.*, 2015 WL 7567488, *7 (D. Ariz. 2015) ("Plaintiff states that leave to amend is necessary because she had 'recently retained new counsel and would

like to allow [c]ounsel to review the documents, amend, and bolster any arguments.' However, obtaining new counsel is not a valid reason for delay."). *See generally Green v. Delgado*, 2015 WL 2455168, *2 (E.D. Cal. 2015) ("[S]ubstitution of new counsel who has a different plan than prior counsel does not usually suffice to show good cause to allow amendment under Rule 16."). Nor may Defendants disclaim any responsibility for the lack of diligence exhibited by their prior counsel. "Because the client is presumed to have voluntarily chosen the lawyer as his representative and agent, he ordinarily cannot later avoid accountability for negligent acts or omissions of his counsel." *Community Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

Defendants' other reason for seeking an extension—the need to conduct follow-up discovery after Plaintiff's deposition—also fails to establish good cause. This deposition could have been scheduled much earlier and was twice postponed at Defendants' request.

Accordingly, **IT IS ORDERED** that Defendants' motion for extension of discovery deadline (Doc. 65) is **denied**.

Dated this 24th day of September, 2019.

_____
Dominic W. Lanza
United States District Judge